# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42ⁿᵈ Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

July 21, 2022

*<u>Via Electronic Filing</u>*
The Honorable Chief Magistrate Cheryl L. Pollak
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

> Re:   *Tucubal v. Ambika Bhavani Inc. et al.*
>       <u>Case No.: 1:22-cv-05534-DG-CLP</u>

Dear Honorable Magistrate Judge Pollak:

This law firm represents defendants Ambika Bhavani Inc. and Daljit K. Sanghu (together, the "Defendants") in the above-referenced matter.

Pursuant to Your Honor's Individual Motion Practice Rules, this letter respectfully serves to request a pre-motion conference in anticipation of the Defendants' filing a motion to extend, *nunc pro tunc*, the Defendants' time to respond to the plaintiff's Cesar Tucubal's (the "Plaintiff") motion for a default judgment dated June 21, 2022 [Dckt. No. 18] (the "Motion for Default Judgment"). The basis of the request is that the undersigned counsel has recently been engaged and requires additional time to gather information from Defendants to respond to the Motion for Default Judgment. *See* Dckt. Nos. 21 and 22. This is the first request of its nature.

Under Rule 6 of the Federal Rules of Civil Procedure, a court "may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an elastic concept that is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *2 (E.D.N.Y. Sept. 30, 2021) (internal citations and quotations omitted). "Relevant circumstances include prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Id*. at *3 (internal citations and quotations omitted). Furthermore,

> "[i]n light of the equitable principles underlying the concept of excusable neglect, mere inadvertence, without more, *can* in some circumstances be enough to constitute excusable neglect justifying relief under Rule 6(b)(2) . . . at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit"

*Id*. at *3 (E.D.N.Y. Sept. 30, 2021) (original emphasis) (internal citations and quotations omitted).

The Motion for Default Judgment seeks a default judgment in the amount of $93,940.36, *see* Dckt. No. 18 at p.1, for work in the limited time period of July 18, 2020 to May 24, 2021, *see* Dckt. No. 1 [Complaint at ¶ 6]. The Defendants dispute the amount of time worked and the

calculation of damages.  The amount of the proposed default judgment would financially devastate the Defendants.

According to the Defendants, the Defendants did not receive the Plaintiff's application for a Motion for Default Judgment.   Given that Plaintiff's Motion for Default Judgment has been pending for approximately one (1) month and the Defendants have now retained counsel, there is no prejudice to the Plaintiff and the duration of the delay is relatively short. The Defendants did not act in bad faith. Thus, the factors for excusable neglect pursuant to the Rule 6(b)(2) of Fed. R. Civ. P. weigh in favor of the Defendants' instant application.

This letter further respectfully requests that the undersigned schedule a settlement conference before Your Honor prior to the due date for the Defendants' response to the Motion for Judgment, should the Court act favorably on Defendants' extension request. The basis of the request for a settlement conference is that the Defendants have limited financial means, which are better put towards a resolution of the instant case than attorneys' fees and expenses.  The corporate defendant is a small restaurant located in Queens, New York.

Presumably because the undersigned counsel emailed Plaintiff's counsel only earlier this morning concerning the requests herein, the undersigned counsel has not had has the chance to confer with Plaintiff's counsel.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.:  (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for Defendants*

VIA ECF: All Counsel

2